## Allie Webb, Administratrix, Appellee, v. A. A. Hunt, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding.   Heard in this court at the March term, 1914.   Affirmed.   Opinion filed July 28, 1914.   Rehearing denied October 28, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Suit in assumpsit by Allie Webb, administratrix of the estate of Reese Webb, against A. A. Hunt to recover $300 alleged to have been received by defendant for said estate. To reverse a judgment entered in favor of plaintiff on a directed verdict for $293, defendant appeals.

The facts showed that deceased at the time of his death, was a partner with one Williams in running a saloon, and that shortly afterwards plaintiff called upon defendant, who was an attorney, in regard to settling her husband's estate; that he advised her that it could be settled without going into court and she employed him to look after the matter. After consultation with Williams and plaintiff, the defendant sold the interest plaintiff's husband had in the saloon to Williams for $300, and that amount was paid over to defendant who thereafter refused to pay the whole amount to plaintiff, claiming he was to deduct therefrom $100 for attorney's fees, and also pay the funeral expenses of deceased and $7 to one McCullough. Afterwards plaintiff took out letters of administration on her husband's estate and brought this suit.

CLYDE D. MILLER, for appellant.

SCHAEFER & KRUGER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 90*—*right of administratrix to sue for money received from sale of partnership interest.* An administratrix in her official capacity has the right to sue a person for money received by him in selling with her consent, the interest of her deceased husband in a copartnership, and is not required to first compel an accounting by the surviving partner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. EXECUTORS AND ADMINISTRATORS, § 86*—*right of set-off in suit for collection of assets.* Where an attorney employed by a widow to settle her husband's estate out of court sold the husband's interest in his partnership business and received the money, but refused to turn over the money to her without first deducting attorney's fees and other items, and the widow thereafter took out letters of administration and brought suit as administratrix for the money, *held* that she was entitled to recover without any deduction for attorney's fees whether she had previously agreed to pay them or not, for the reason that as administratrix she held title to the property for the estate.